IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DANIEL LEE,

    Petitioner,

v.                         CASE NO. 08-3276-RDR

COLONEL JAMES W. GRAY,
COMMANDANT, USDB -
FORT LEAVENWORTH,

    Respondent.

## O R D E R

This pro se petition for writ of habeas corpus, 28 U.S.C. § 2241, was filed by a former member of the Army National Guard serving a military sentence at the United States Disciplinary Barracks in Fort Leavenworth, Kansas (USDB). The court issued a show cause order, respondent filed an Answer and Return, and petitioner filed a Traverse. Having considered all materials in the file, the court denies the Petition.

**FACTUAL BACKGROUND**

Mr. Lee entered the Army National Guard on March 19, 1972. He was charged with serious offenses that were committed on October 17, 2003. Mr. Lee entered into a Pre-Trial Agreement (PTA) with the Convening Authority in which he pled guilty to charges. Thereafter, on October 1, 2004, he was tried by general court-martial, consisting of a military judge alone and convicted pursuant to his pleas, of rape, assault with a dangerous weapon upon a commissioned officer, burglary with intent to commit rape, and communication of a threat to kill the officer victim. In January, 2005, he was sentenced to a dishonorable discharge and thirty (30) years

confinement.

As part of his PTA, Mr. Lee entered into a stipulation of fact which set forth explicit details of his planning and commission of the charged offenses. See Answer & Return (Doc. 14) Attached Record of Trial (ROT) at 266-270. This court's brief summary of those facts follows. The victim (CPT A) was a married commissioned officer assigned to a unit in Fort Knox, Kentucky, who was in the second trimester of pregnancy at the time of the offenses. Petitioner had no prior dealings with the victim, but knew she was an officer and had frequently seen her in Building 2378 on Fort Knox, which was the scene of the crimes. Mr. Lee and the victim had separate barracks rooms in this building. Petitioner's stipulation of fact includes statements that on the evening of the offenses, he saw CPT A doing laundry in the laundry room across from his barracks room, went to a nightclub, and upon returning to his barracks room planned to rape CPT A in her room. He executed his plan by turning off the first-floor hall lights where they both lived, and putting on clothing to disguise his identity including gloves and a ski mask. He broke into CPT A's barracks room carrying a pocketknife, and moved to the side of her bed. CPT A, hearing the door, woke up and attempted to rise, but petitioner placed his gloved hand over her mouth and told her to be quiet. He placed the pocketknife against the side of her neck, and said, "Don't look. Do you feel the knife? If you scream, I will kill you." CPT A struggled, and petitioner caused a superficial cut to her neck and drew blood from her left earlobe. The blood stained his right glove. Petitioner' statements provided details of his actions and those of CPT A during the assault and rape. After ejaculating in CPT A's vagina, he told

2

her, "If you tell anyone, I'll know. I know where you live and I'll kill you." The Stipulation also included statements regarding Mr. Lee's attempts to monitor CPT A's barracks room door and establish an alibi. Shortly after petitioner left her room, CPT A told a close friend and then the unit commander that she had been raped. The military police interviewed petitioner, who denied any knowledge, but consented to the search of his person and room, "which resulted in the discovery of" the clothing and green glove inserts he had worn, and the pocketknife he had used during the offenses. ROT 269. The U.S. Army Criminal Investigation Laboratory analyzed the evidence and reported that petitioner's green glove inserts showed the presence of CPT A's blood, and his underwear showed the presence of CPT A's DNA. The genital swab collected from the victim was consistent with the DNA sample provided by Mr. Lee. ROT 270.

The record of trial also shows that petitioner was represented by appointed counsel and that he reviewed the stipulation of fact and discussed it with counsel prior to his court-martial. ROT 264, 272. At his court-martial, the judge discussed the stipulation with Mr. Lee, and petitioner confirmed that he had reviewed it and understood it prior to signing. ROT 33-34. The judge accepted the Stipulation into evidence. ROT 44; ROT 264-272.

After sentencing, petitioner's defense counsel submitted clemency materials on petitioner's behalf, asked that Mr. Lee's sentence be reduced, asked that the forfeiture of his pay be waived so his remaining pay and entitlements could go to his wife, and discussed Mr. Lee's health problems as well as his wife's financial problems. ROT 316-321.

Mr. Lee sought review of his court-martial conviction before the Army Court of Criminal Appeals (ACCA), and the Court of Appeals for the Armed Forces (CAAF). He was represented by counsel before both appellate courts. Petitioner presented his own issues for review pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A. 1982), which held that a servicemember has a right to personally submit issues to the military courts that his counsel has decided not to present. See Defendant's Affidavit, ROT at 328-356. Military appellate counsel are required to call these issues to the attention of the military courts.

**CLAIMS**

Mr. Lee raises six grounds in his Petition. As ground (1) he claims that the court-martial lacked jurisdiction to try him because he had been discharged from the Army prior to trial. In support of this claim he alleges that he was discharged from the service on February 15, 2004, and that the court lost jurisdiction to try him for these offenses at that time.[1]

As ground (2), petitioner claims that his constitutional right to effective assistance of counsel was denied. In support, he alleges that he was denied counsel of his choice by the Government's withholding of his retirement benefits; that defense counsel abandoned the "adversarial process in favor of coercing petitioner" into accepting a pretrial agreement; that defense counsel failed to introduce specific evidence regarding petitioner's retirement

---

[1] The court notes that Mr. Lee testified during court-martial proceedings that he was on active duty at the time of the offenses and at the time of trial. See ROT at 39-40.

4

benefits; that defense counsel failed to provide character witnesses in person at his sentencing hearing; and that counsel failed to investigate the victim's promiscuity, flirtatious behavior, and rumors of adulterous affairs "mentioned throughout the investigative reports."

As ground (3), petitioner claims that he was denied an expert witness. In support he alleges that he was denied a pay analyst to testify as to his loss of retirement benefits and mental health experts to determine his competency to understand the proceedings.

As ground (4), petitioner claims that the providence inquiry was improvident based upon evidence in the trial record. In support he alleges that at this hearing he was simply answering the judge's leading questions, and that there were inconsistencies throughout the proceedings.

As ground (5), petitioner claims that the "charges" were legally and factually insufficient to support his conviction based upon evidence in the trial record and the record of the providency proceeding. In support, he now states that there was no rape or sexual encounter, that the victim fabricated the events, and that her description of her assailant could not be of him.

As ground (6), petitioner claims that his sentence was excessive and he was denied due process in that the sentencing court failed to consider his age, life expectancy, and chronic illness. In support, he describes his medical ailments and current condition and claims his sentence of 30 years imposed when he was 59 years old "exceeded his life expectancy."

**LEGAL STANDARDS**

Habeas corpus relief can be granted under 28 U.S.C. § 2241 to a federal prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c). A United States District Court has limited authority to review court-martial proceedings for such error. Its scope of review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts. Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808 (10th Cir. 1993), cert. denied, 510 U.S. 1091 (1994). If the issues have been given full and fair consideration in the military courts, the district court should not reach the merits and should deny the petition. Id.; Roberts v. Callahan, 321 F.3d 994, 995 (10th Cir.), cert. denied, 540 U.S. 973 (2003). When a military court decision has dealt fully and fairly with an allegation raised in a federal habeas petition, it is not open to the federal court to grant the writ by reassessing the evidentiary determinations. Burns v. Wilson, 346 U.S. 137, 142 (1953).

An issue is deemed to have been given "full and fair consideration" when it has been briefed and argued, even if the military court summarily disposes of the matter. Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), cert. denied, 476 U.S. 1184 (1986). "[I]t is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Burns, 346 U.S. at 142; Khan v. Hart, 943 F.2d 1261, 1263 (10th Cir. 1991). The fact that the military court did not specifically address the issue in a

6

written opinion is not controlling.  <u>Lips</u>, 997 F.2d at 821, FN 2. Instead, "[w]hen an issue is briefed and argued before a military board of review, (the Tenth Circuit has) held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion." Id. (<u>citing</u> <u>Watson</u>, 782 F.2d at 145); <u>see</u> <u>also</u> <u>Armann v. McKean</u>, 549 F.3d 279, 292-93 (3rd Cir. 2008), <u>cert</u>. <u>denied</u>, 130 S.Ct. 77, 175 L.Ed.2d 54 (2009).  The burden is on petitioner to show that the military review was "legally inadequate" to resolve his claims. <u>Watson</u>, 782 F.2d at 144 (citing <u>Burns</u>, 346 U.S. at 146).

Furthermore, if an issue was not raised before the military courts, the federal habeas court is to deem that issue waived and not subject to review.  <u>Watson</u>, 782 F.2d at 145; <u>Roberts</u>, 321 F.3d at 995.

## **<u>DISCUSSION</u>**

In the present case, Respondent has shown in its Answer and Return and by reference to the ROT that Mr. Lee "briefed" grounds 1 through 5 in his Petition before the ACCA.  His appellate military defense counsel, after examining the record of trial determined that there were no meritorious issues to brief.  Nevertheless, appellate counsel submitted petitioner's <u>Grostefon</u> Affidavit containing these issues to the ACCA.  In petitioner's <u>Grostefon</u> submissions, he alleged the same claims as grounds (1) through (5) in his instant Petition.  The ACCA reviewed these claims, including Mr. Lee's jurisdictional claim, and held:

> On consideration of the entire record, including

7

>     consideration of the issues specified by the [Petitioner], we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, those findings of guilty and the sentence are AFFIRMED.

ROT 359. Petitioner filed a Request for Reconsideration that re-raised his jurisdictional claim in ground (1). The ACCA reviewed his request and denied relief.

Petitioner's Grostefon issues were also presented to the CAAF. The CAAF summarily affirmed the decision of the ACCA. Respondents are correct that under Watson these summary denials constitute full and fair consideration of petitioner's grounds (1) through (5).

Petitioner argues that this court should find that the military courts' consideration of his claims was not "full and fair" by applying the four factors from Dodson v. Zelez, 917 F.2d 1250 (10th Cir. 1990). However, this court is not convinced that a different result would obtain under the Dodson analysis, which governs review where the federal court may reach the merits of a petition. Nor is this court persuaded by petitioner's contention in his Traverse that this court "has a sua sponte duty" to forward to the Tenth Circuit Court of Appeals the question of what constitutes "full and fair consideration" under the Dodson factors.

The court finds that Mr. Lee has not met his burden of showing that the review before the military courts was "legally inadequate." His conclusory allegation that an improper legal standard was applied is not sufficient. Mr. Lee presents no facts or controlling legal authority showing that an improper legal standard was applied by the military judge or military appellate courts in his case.

The court further finds that Mr. Lee did not present ground (6) in his Petition, attacking his sentence as excessive, to the

military courts.  Petitioner is not entitled to habeas corpus relief on this claim in federal district court due to his failure to have exhausted it in the military courts.  Mr. Lee makes no attempt to show cause and prejudice for his failure to exhaust this claim.

The court concludes that Mr. Lee is not entitled to habeas corpus relief under § 2241, and this petition must be dismissed.

**MOTION TO STRIKE**

The court finds respondent's Motion to Strike (Doc. 21) should be denied as to the entire Traverse and an entire attachment, but granted to the following extent.  The victim's name is stricken from the record in "Encl 1" attached to Document 20 of petitioner's Traverse.

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is denied.

**IT IS FURTHER ORDERED** that respondent's Motion to Strike (Doc. 21) is denied as to the whole Traverse, but is granted to the extent that the name of the victim is hereby stricken from the Traverse (Doc. 20) Encl. 1.

The clerk is directed to take the necessary steps to redact the name of the victim wherever it appears in the Traverse (Doc. 20) Encl. 1.

**IT IS SO ORDERED.**

**DATED:  This 29th day of September, 2010, at Topeka, Kansas.**

s/RICHARD D. ROGERS
**United States District Judge**